## COX v. COX.

No. 17761.   Opinion Filed Nov. 29, 1927.

(Syllabus.)

**1. Divorce—Appeal—Review of Evidence.**

In an action for divorce this court will consider all the evidence and weigh it, to ascertain whether or not the judgment is against its weight; and if the judgment is clearly against its weight, then render or cause to be rendered such judgment as the trial court should have rendered; but, if not clearly against its weight, then it will affirm the judgment.

**2. Same—Judgment for Cross-Petitioner Wife on Ground of Abandonment Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by William P. Cox against Julia O. Cox. Judgment for defendant on her cross-petition, and plaintiff brings error. Affirmed.

A. L. Zinser, H. J. Sturgis, and Simons, McKnight, Simons & Smith, for plaintiff in error.

McKeever, Moore & Elam, for defendant in error.

HEFNER, J.   The plaintiff in error brought action against the defendant in error in the district court of Garfield county to obtain a divorce. The sole ground alleged in the petition of the plaintiff for such divorce was abandonment.

The defendant, after obtaining an order for the payment of attorney's fees and temporary alimony, filed her answer and cross-petition in the case, in which she alleged that during the month of March, 1918, the plaintiff deserted her and has ever since absented himself from her without any just cause therefor.

The plaintiff in his reply denied the allegations in the defendant's answer. Upon the issues thus joined, after hearing the evidence, the court found against the plaintiff and in favor of defendant and entered judgment accordingly; from which judgment the plaintiff has appealed to this court.

The trial court in its decree, among other things, found as follows:

"That the allegations of abandonment of the plaintiff by the defendant as set forth in the petition of the plaintiff are not sustained by the evidence, and the testimony of the plaintiff of such abandonment is not corroborated by the evidence, and the court further finds from the testimony of the plaintiff the fact to be that the defendant remained in Iowa with the consent of the plaintiff, and that the plaintiff did not request his wife, the defendant, to come to Enid for the bona fide purpose of living with her as his wife, or to resume the relation of husband and wife with the bona fide intent and purpose of having her do so, as is disclosed by his cold and indifferent attitude toward the defendant, the tone of the correspondence, and his testimony at the trial, and while plaintiff stated that the defendant would be welcome to come to Enid, Okla., his action and conduct toward her when she did come were not such as would induce a wife to feel that her husband wanted her, nor such as would tend so to prove, and the court further finds that the separation of plaintiff and defendant resulted from the fault of the plaintiff and for that

reason the prayer of plaintiff's petition for a divorce should be refused and denied.

"The court further finds from the evidence that the allegations of the cross-petition of the defendant are true, and that plaintiff and defendant have not lived together as man and wife for more than one year immediately preceding the commencement of this action, during which time plaintiff has abandoned the defendant, and that the separation was brought about by the conduct and fault and aggression of the plaintiff, and that the defendant should be granted an absolute decree of divorce from the plaintiff on the grounds of abandonment by the plaintiff for more than one year prior to the commencement of this action."

The court further found that the property of the plaintiff would produce a rent of $2,000 to $2,500 per annum over the upkeep and taxes, and that the defendant should be allowed alimony in the sum of $15,000, and the further sum of $100 suit money and $300 as attorney fee. It was directed that the said $15,000 should be paid at the rate of $100 per month commencing on the 1st day of June, 1926, and on the first day of each month thereafter until the said $15,000 had been paid, and awarded the defendant a first lien upon certain real estate to secure the payment of the alimony.

It will be noted that the defendant does not receive any part of the corpus of the property on which the lien is given. She, in effect, is awarded $100 per month during her life not to exceed a total of $15,000. The $100 per month is hardly one-half the rental value of the property. After the death of the defendant, the plaintiff, under the judgment of the court, is free to do what he pleases with the property on which the court awarded the lien to insure the payment of the alimony.

The plaintiff and defendant owned jointly a piece of property in Iowa that rented from $40 to $50 per month. The property in Garfield county consisted primarily of 160 acres of land inherited by the plaintiff from his parents. The trial court ordered that the plaintiff be given credit on the $100 per month for one-half of the rental value of the property in Iowa.

Was the evidence in this case sufficient to sustain the judgment of the trial court? As we view the case, this is really the only question for us to determine.

We have read very carefully the able briefs presented by the counsel for both plaintiff and defendant. The evidence is clear and convincing that the plaintiff and defendant had been separated for more than one year next preceding the filing of the suit. The plaintiff contends that the defendant abandoned him. The defendant contends that the plaintiff abandoned her. The trial court found in favor of the defendant on this issue.

While we have concluded that the evidence is sufficient to support the judgment of the trial court, in passing, we wish to say that the plaintiff is to be commended for the support given his wife during the time they were separated. She was in bad health during all this time. A number of letters from the plaintiff were introduced in evidence which show that he at all times was concerned as to her welfare, and he did support her. The letters show that it was his desire that she be well cared for.

The judgment, however, not being against the clear weight of the evidence, is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 19 C. J. p. 193, §478; p. 194, §479; pp. 195, 196, §482; 9 R. C. L. p. 470; 2 R. C. L. Supp. p. 808. (2) 19 C. J. p. 145, §368; p. 193, §479.